Honorable Murray A. Bronson Tax Collector Osceola County
QUESTION:
Does s. 205.065, F.S. (1992 Supp.), prohibit a county from levying an occupational license tax on a business regulated by the Department of Professional Regulation when the business maintains its permanent business location or branch office in a municipality located within the county and has paid its municipal occupational license tax for the year?
SUMMARY:
Section 205.065, F.S. (1992 Supp.), does not prohibit a county from imposing an occupational license tax on a business regulated by the Department of Professional Regulation when the business has a permanent business location or branch office in a municipality located within the county even though the business has paid an occupational license tax to the municipality for that tax year.
Counties are authorized to levy, by appropriate resolution or ordinance, an occupational license tax for the privilege of engaging in or managing any business, profession, or occupation within its jurisdiction.[1] During the 1992 legislative session, however, the Legislature enacted s. 205.065, F.S. (1992 Supp.), which limits the authority of local governments to impose such occupational license taxes.[2] The statute provides:
 If any person engaging in or managing a business, profession, or occupation regulated by the Department of Professional Regulation has paid an occupational license tax for the current year to the county or municipality in the state where his permanent business location or branch office is maintained, no other local governing authority may levy an occupational license tax, or any registration or regulatory fee equivalent to the occupational license tax, on him for performing work or services on a temporary or transitory basis in another municipality or county. In no event shall any work or services performed in a place other than the county or municipality where the permanent business location or branch office is maintained be construed as creating a separate business location or branch office of that person for the purposes of this chapter.
The above statute clearly prohibits a county or municipality from levying an occupational license tax on a business regulated by the Department of Professional Regulation (DPR) if:
1) the permanent business location or a branch office is not maintained in that city or county, and 2) the business has paid an occupational license tax for the current year to another county or municipality where its permanent business location or branch office is maintained.
This office recently stated in AGO 92-74 that a municipality, therefore, may not impose an occupational license tax on a business regulated by DPR if the business engages in work within the municipality but does not establish a permanent business location or branch office within the municipality and if the business has paid for the current year an occupational license tax to another municipality or county where its permanent business location or branch office is located.
An examination of the legislative history surrounding the enactment of the statute indicates that the intent of the Legislature was to "prohibit local jurisdictions from requiring an occupational license of any business regulated by the Department of Professional Regulation, except in cases where there is a business location established within their jurisdiction."[3]
Section 205.065, F.S., therefore, prohibits a county or municipality from imposing an occupational license tax if the DPR regulated business has already paid an occupational license tax for the current year and does not have a permanent business location or branch office located in such county or municipality. Nothing in the statute, however, precludes a county from imposing an occupational license tax on a DPR regulated business which has its permanent business location or branch office in such county or municipality merely because another county or municipality also has imposed an occupational license tax on such business which has an office within such county or municipality. As you note, businesses located within a municipality have historically been subject to both municipal and county occupational license taxes.[4] Section 205.033(4) and (5), F.S., in establishing the conditions for imposing county occupational license taxes, provides for the distribution of a portion of the county's tax to the municipalities located therein.
A business resident within a municipality is also a resident within the county in which the municipality is located. I find nothing in either an examination of the statute or its legislative history which indicates that the statute would preclude a county from imposing an occupational license tax on a DPR regulated business which has an office within its boundaries simply because the business is located within a municipality within the county as opposed to the unincorporated areas of the county. As this office stated in AGO 92-74, the prohibition contained in s. 205.065, F.S. (1992 Supp.), "would not prevent a municipality or county from imposing an occupational license tax if the person maintained a permanent or branch office in such jurisdiction even though the person may have paid an occupational license tax to another county or municipality where a permanent or branch office was located."
Accordingly, I am of the opinion that s. 205.065, F.S. (1992 Supp.), does not prohibit a county from imposing an occupational license tax on a business regulated by the Department of Professional Regulation when the business has a permanent business location or branch office in a municipality located within the county even though the business has paid an occupational license tax to the municipality for that tax year.
RAB/tjw
[1] Section 205.032, F.S. And see, s. 205.033, F.S., setting forth the conditions for such a levy. Compare, s.205.043, F.S., regarding the levy of an occupational license tax by municipalities.
[2] See, s. 32, Ch. 92-203, Laws of Florida.
[3] See, Final Bill Analysis and Economic Impact Statement of the Florida House of Representative Committee on Regulatory Reform on HB 2341 (enacted as Ch. 92-203, Laws of Florida). And see, Final Bill Analysis and Economic Impact Statement for CS/HB 1731 (which contained language identical to that passed in s. 32, Ch. 92-203, Laws of Florida), Florida House of Representatives Committee on Regulatory Reform, dated April 15, 1992, stating:
The bill prohibits any local governing authority from levying an occupational tax or an equivalent registration or regulatory fee on a person engaging in a business or profession licensed by the Department of Professional Regulation. The prohibition applies only if the person has paid an occupational license tax and only if no permanent business location or a branch office is located within the jurisdiction.
[4] See, AGO 72-291.